IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JASON WELLS and AMANDA WELLS, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| PHILLIPS NORTH AMERICAN CORPORATION, | § § § § | CIVIL ACTION NO. 22-75 |
| *Defendant*. | § § § § § | |

## NOTICE OF REMOVAL

Defendant Philips North America LLC ("Defendant" or "Philips North America")[1] hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Court of Common Pleas, Scioto County, Ohio, in which it is now pending at Docket Case No. 22CIB00001 (the "Underlying Action"), to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati, and states as follows:

### I. INTRODUCTION

1. On January 6, 2022, Plaintiffs Jason and Amanda Wells ("Plaintiffs" or, individually, "Plaintiff") filed a Complaint in the Court of Common Pleas for Scioto County, Ohio, Docket Case No. 22CIB00001 (the "Complaint"), attached as **Exhibit A, Complaint**.

---

[1] Plaintiffs' Complaint incorrectly names Phillips North American Corp. as the defendant.

1

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon Defendant, including the Complaint, are attached.

3. No other pleadings have been served on Defendant in this litigation.

4. By filing a Notice of Removal, Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendant specifically reserves its right to assert any defenses and objections to which it is entitled.

## II. FACTUAL BACKGROUND

5. Plaintiffs allege Defendant "designed, formulated, produced, constructed, created, assembled and/or rebuilt" a Continuous Positive Airway Pressure ("CPAP") device with Serial Number H154658167244 (the "Device"). Ex. A, ¶ 3.

6. Plaintiffs do not allege how they obtained the Device or the circumstances behind any alleged use of the Device.

7. Plaintiffs allege they "discovered that the foam in the [CPAP] machine was a cause of cancer and heart attack" in September 2021. *Id*. ¶ 4.

8. Plaintiffs allege that Plaintiff Jason Wells "was diagnosed with renal cell carcinoma in January of 2021 and had to have a portion of his kidney removed in March of 2021," and that said injury was "a proximate result of the defective design and manufacturing" of the Device. *Id*. ¶¶ 5, 7.

9. Plaintiffs further allege that "[Plaintiff Jason Wells] suffered a heart attack as a result of the defective [CPAP] machine." *Id*. ¶ 6.[2]

---

[2] Plaintiffs' Complaint mistakenly states that "Defendant suffered a heart attack as a result of the defective c-pap machine," Ex. A, ¶ 6, but Defendant reasonably assumes Plaintiffs intended to allege that Plaintiff Jason Wells suffered a heart attack, rather than Defendant.

2

10. Plaintiff Jason Wells claims he has "endured and will continue to endure severe pain and suffering and permanent injury." *Id*. ¶ 9.

11. The Complaint also alleges Plaintiffs "have incurred and will incur further medical expenses" as a consequence of Plaintiff Jason Wells's condition. *Id*. ¶ 8.

12. Plaintiffs attempt to plead causes of action against Defendant under the Ohio Revised Code, alleging defective design, nonconformance with representation, and inadequate warning or instructions, as well as claims for breaches of express and implied warranties and the warranty of merchantability. *Id*. ¶¶ 7-30; *see* Ohio Rev. Code §§ 1302.27, 1307.26, 2307.73-74, 2307.76.

13. Plaintiffs also demand relief for Plaintiff Amanda Wells's "lost services and love and affection with her husband," Ex. A*, ¶* 32; Plaintiff Jason Wells's loss of consortium, *id*. ¶ 33; and Plaintiffs' lost wages, *id*. at 6.

14. Plaintiffs demand damages, attorney fees, court costs, "and any and all other relief this court may deem just and equitable." *Id*. at 6. Plaintiffs demand a jury trial. *Id*. at 7.

### III.    NOTICE OF REMOVAL IS TIMELY

15. Defendant was served by certified mail on January 10, 2022. **Exhibit B, Return of Service for Phillips North American Corp. (Philips North America LLC).**

16. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

17. This notice is timely because it is being filed within thirty days of service on Defendant.

3

18. Additionally, this notice is timely because it is being filed within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c)(1).

### IV. GROUNDS FOR REMOVAL

19. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

20. The court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

   a. <u>There is complete diversity among the parties.</u>

21. Diversity jurisdiction "require[s] complete diversity of citizenship," i.e., "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 117 S. Ct. 467, 472 (1996). Accordingly, "no plaintiff" can be "a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

22. The general rule is that diversity is determined at the time of the filing of a lawsuit, not at the time the injuries allegedly were suffered. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) ("The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal.").

   i. <u>Plaintiffs are Ohio citizens.</u>

23. An individual is a citizen of the state in which he or she is domiciled. *Napletana v. Hillsdale Coll.*, 385 F.2d 871, 872 (6th Cir. 1967); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072

4

(6th Cir. 1990) ("State citizenship for the purpose of the diversity requirement is equated with domicile.").

24. Plaintiffs state that they are residents of Scioto County, Ohio. Ex. A, ¶ 1.

25. Thus, Plaintiffs are citizens of Ohio.

      ii. <u>Defendant Philips North America is a citizen of Delaware and Massachusetts.</u>

26. Philips North America is a Delaware limited liability company with its principal place of business in Massachusetts. **Exhibit C, Philips North America LLC Corporate Records & Business Registrations**.

27. As a limited liability company, however, Philips North America is a citizen of the states where its members are citizens for purposes of diversity jurisdiction. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member."); *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) (explaining "a limited liability company . . . has the citizenship of its members").

28. Philips North America is wholly owned by a single member, Philips Holding USA, Inc. ("Philips Holding"), a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, MA 02141. **Exhibit D, Philips Holding USA, Inc., Corporate Records & Business Registrations**.

29. For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994).

5

30. Accordingly, because Philips Holding is a citizen of both Delaware and Massachusetts, Philips North America also is a citizen of both Delaware and Massachusetts. Therefore, Philips North America is diverse from Plaintiffs. *See Delay*, 585 F.3d at 1005; 28 U.S.C. § 1332(c)(1).

      iii.   There is complete diversity of citizenship.

31. Accordingly, there is complete diversity between the parties:

| Plaintiffs | Defendant |
| --- | --- |
| Jason Wells (OH)<br>Amanda Wells (OH) | Philips North America (DE/MA) |

    b.   The amount-in-controversy requirement is satisfied.

32. Although Plaintiffs do not explicitly plead in the Complaint that the amount in controversy is greater than $75,000, the Complaint's allegations clearly demonstrate there is more than $75,000 in controversy. *See* 28 U.S.C. § 1332(a);[3] *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) ("The amount-in-controversy requirement may be satisfied even when 'the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum.'"); *Henry*, 2018 WL 1473637, at *3 ("Plaintiff's request for an amount 'in excess of Twenty-Five Thousand Dollars' . . . does not constitute a stated sum that the court can deem the amount in controversy." (citations omitted)).

33. Plaintiffs allege that Plaintiff Jason Wells "suffered a heart attack as a result of the defective [CPAP] machine." Ex. A, ¶ 6.

---

[3] Plaintiffs allege that more than $25,000 is at issue, but, under Ohio law, they are not permitted to specify the specific amount. *See* Ohio Civ. R. 8(A) ("If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought . . . ."); *Henry v. Jolley*, No. 2:17-cv-1065, 2018 WL 1473637, at *3 (S.D. Ohio, Mar. 26, 2018) ("Plaintiff's request for an amount 'in excess of Twenty-Five Thousand Dollars' . . . does not constitute a stated sum that the court can deem the amount in controversy." (citations omitted)).

34. Plaintiffs further contend that Plaintiff Jason Wells "was diagnosed with renal cell carcinoma" and "had to have a portion of his kidney removed," resulting from his use of the Device. *Id*., ¶¶ 5, 7, 12, 16.

35. These injuries allegedly have caused "severe pain and suffering and permanent injury," *id*. ¶ 9, *see also id.* ¶¶ 22, 26, 30, and caused Plaintiffs to incur past and future medical expenses and lost wages, *id*. ¶¶ 6, 8, 17, 21, 25, 29.

36. Plaintiff Amanda Wells also has allegedly lost the services, love, and affection of her husband. *Id*. ¶ 32. Plaintiff Jason Wells similarly claims loss of consortium. *Id*. ¶¶ 6, 33.

37. Plaintiffs demand compensatory damages, attorneys' fees, court costs, "and any and all other relief this court may deem just and equitable." *Id*. at 7.

38. Defendant denies any liability to Plaintiff; however, the nature of the case (a medical device products liability action), the harms alleged (kidney cancer, heart attack, physical injuries, financial injuries, and other derivative claims including loss of consortium), and the nature of the damages requested (compensatory damages) put far more than $75,000 in controversy.

39. When determining whether the amount in controversy is satisfied, courts examine the complaint at the time it was filed. *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976).

40. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) ("This standard 'does not place upon the defendant the

7

daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" (citation omitted)); *Gilvin v. FCA US LLC*, 2018 WL 6726997, at *4 (S.D. Ohio, Dec. 21, 2018) (denying motion to remand and citing *Hayes*, 266 F.3d at 572)). "It is sufficient if a fair reading of the Complaint demonstrates that, if Plaintiff is successful, it is more likely than not that her damages will exceed the required amount." *Gilvin*, 2018 WL 6726997, at *3; *see Hayes*, 266 F.3d at 573.

41. Moreover, the Sixth Circuit has noted that courts "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Naji v. Lincoln*, 665 F. App'x 397, 402 n.2 (6th Cir. 2016) (citing *Hayes*, 266 F.3d at 573).

42. In *Lucas v. Springhill Hospitals, Inc.*, the amount in controversy was satisfied for removal purposes in a medical products liability and medical malpractice case alleging thrombocytopenia, gangrene, and the amputation of both of plaintiff's legs. No. 1:09HC60016, 2009 WL 1652155, at *3 (N.D. Ohio, June 11, 2009) (denying plaintiff's motion to remand). Plaintiff sought to recover damages for "multiple surgeries, the loss of both lower extremities, lengthy hospitalizations, extensive rehabilitation, life care expenses, severe pain, mental anguish, emotional pain and suffering, medical expenses, and permanent disability and disfigurement," as well as loss of consortium. The court found that, if the allegations are proven, "it is more likely than not that recovery will exceed $75,000." *Id*.

43. Similarly, in *Henry*, the amount in controversy was satisfied for removal purposes in a negligence action alleging personal injury in which the plaintiff sought "compensatory damages for ***physical injuries, lost wages, pain and suffering, loss of household services, mental anguish, physical impairment and disfigurement, loss of***

8

*enjoyment, and emotional injuries.*" 2018 WL 1473637 at *3 (emphasis added) (recommending that plaintiff's motion to remand be denied).

44. In *Driscoll v. Wal-Mart Stores East, Inc.*, the court found the amount in controversy was satisfied for removal purposes in a negligence action where "Plaintiff's initial Complaint sought an unspecified amount in excess of $25,000" and listed injuries and damages including "the loss of the tip of his middle finger"; a spinal injury; "*medical bills; lost wages; pain and suffering; annoyance, inconvenience, mental and emotional anguish; and diminished ability to fully function and enjoy life*." No. 2:09-CV-00154, 2009 WL 4730709, at *2 (S.D. Ohio, Dec. 10, 2009) (emphasis added) (adopting Magistrate's recommendation to deny plaintiff's motion to remand).

45. In *Kusmich v. J.C. Penney Corp.*, the amount in controversy was satisfied for removal purposes where the complaint alleged "serious injuries to [plaintiff's] elbow, arm, and shoulder," and demanded *past and future medical expenses* including *expenses for surgery*, *permanent injuries*, shock, and *loss of income*. No. 5:05CV1586, 2005 WL 2233255, at *2 (N.D. Ohio, Aug. 29, 2005) (emphasis added) (denying plaintiff's motion to remand and noting that "[plaintiff's] compensatory damages alone could exceed $75,000").

46. Plaintiffs allege harm in the Underlying Action that is similar to or exceeding the alleged harm in *Lucas*, *Henry*, *Driscoll*, and *Kusmich*, including an alleged heart attack, kidney cancer diagnosis and related surgery, pain and suffering, permanent injury, past and future medical expenses, lost wages, lost services, and loss of consortium. *See* Ex. A, ¶¶ 5-9, 17, 21-22, 25-26, 29-30, 32-33.

47. Courts routinely find the amount in controversy satisfied in response to similar allegations concerning illness, the need for medical care, mental anguish, pain and suffering,

9

and economic losses. *See Bass v. IKEA U.S. East, LLC*, No. 16-cv-10694, 2016 WL 2342321, at *2 (E.D. Mich. May 4, 2016) (finding that amount in controversy likely exceeded $75,000 when plaintiff incurred "substantial sums of money" for medical care and complaint sought damages for pain and suffering and mental anguish); *Evans v. CDX Services, LLC*, 528 F. Supp. 2d 599, 606 (S.D. W. Va. Jan. 4, 2007) (concluding that "one can easily conclude the amount in controversy is satisfied" where plaintiff alleges "serious bodily injury, tremendous pain and suffering, loss of earning capacity," and "loss of ability to enjoy life" (internal quotations and citations omitted)).

48. Furthermore, statutorily authorized attorneys' fees are considered for purposes of establishing jurisdiction. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007).

49. Thus, attorneys' fees also must also be factored into the calculation of the amount in controversy. *See* Ex. A, at 6.

50. Based on the Complaint's allegations, it is facially apparent that Plaintiffs assert claims that, if proved, would far exceed $75,000.00. Accordingly, the amount-in-controversy requirement is satisfied.

## V. VENUE

51. This lawsuit may be removed to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

52. The United States District Court for the Southern District of Ohio is the federal judicial district encompassing the Court of Common Pleas for Scioto County, Ohio, where this suit originally was filed. 28 U.S.C. § 115(b)(1). The Western Division at Cincinnati is the appropriate division, according to Joint Local Rules of Civil Practice, LR 82.1(b).

53. On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order consolidating related class action cases and individual personal injury cases like this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania, before the Honorable Joy Flowers Conti (the "MDL"), for coordinated or consolidated pretrial proceedings. **Exhibit E, Transfer Order.**

54. It is anticipated that this case will be transferred to the MDL following removal.

### VI. CONSENT

55. Each Defendant that has been properly joined and served consents to removal as required by 28 U.S.C. § 1446(b)(2).

### VII. PROCEDURE

56. Written notice of the filing of the Notice of Removal will be promptly served on all other parties to this action, and a copy will be promptly filed with the Court of Common Pleas for Scioto County, Ohio, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit F**.

57. Included with this Notice of Removal is the filing fee of $350 required by 28 U.S.C. § 1914.

## VIII. CONCLUSION

Defendant respectfully removes this action from the Court of Common Pleas for Scioto County, Ohio, to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati.

Respectfully submitted,

| | |
|---|---|
| Michael H. Steinberg<br>**SULLIVAN & CROMWELL LLP**<br>1888 Century Park East<br>Los Angeles, CA  90067-1725<br>Telephone:	+1.310.712.6670<br>Facsimile:	+1.310.712.8800<br>*steinbergm@sullcrom.com*<br><br>William B. Monahan<br>**SULLIVAN & CROMWELL LLP**<br>125 Broad Street<br>New York, NY  10004-2498<br>Telephone:	+1.212.558.7375<br>Facsimile:	+1.212.558.3588<br>*monahanw@sullcrom.com*<br><br>*Of Counsel for Defendant Philips North America LLC* | */s/ Wendy West Feinstein*<br>Wendy West Feinstein, Trial Attorney (0064973)<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>One Oxford Centre<br>Thirty-Second Floor<br>Pittsburgh, PA  15219<br>Telephone: +1.412.560.7455<br>Facsimile:  +1.412.560.7001<br>*wendy.feinstein@morganlewis.com*<br><br>*Attorneys for Defendant Philips North America LLC* |

Dated:  February 9, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2022 I filed this Notice of Removal with the Clerk of the Court by using CM/ECF system and served a true and correct copy by email and regular mail to the following:

| | |
|---|---|
| Brigham Anderson | Justin Robert Blume, Esq. |
| Anderson & Anderson Co., LPA | Blume Law Firm |
| 408 Park Ave | 9050 Ohio River Road |
| Ironton, OH  45638 | Wheelersburg, OH  45694 |
| andersonlawoffice@hotmail.com | blumelawfirm@gmail.com |

*/s/ Wendy West Feinstein*
Wendy West Feinstein